UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST S. ROBERTS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-207 |
| | ) | |
| MEGAN BRENNAN, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

# **REPORT AND RECOMMENDATION**

Ernest Roberts, Jr. has filed this case alleging he was discriminated against by his employer, the United States Postal Service, on the basis of his race and his disability and was retaliated against. *See generally* doc. 1. He filed it in the United States District Court for the District of Columbia; presumably because the named defendants are, respectively, the Postmaster General and the former Secretary of Labor. *See id*. at 2. Upon review of the Complaint, the case was transferred to this Court. Doc. 3. Roberts also seeks to pursue his case *in forma pauperis*. Doc. 2.

Although Roberts' application to proceed IFP indicates limited financial means, it does not show that he is indigent. He discloses a monthly income of $845.00 from Social Security. Doc. 2 at 1. He also

1

discloses receiving $600.00 per month in rent from properties he owns. *Id.* He suggests that an additional $1,800.00 per month may be forthcoming, "once repairs are made . . . ." *Id.* He further discloses owning four properties: (1) a four-bedroom home, which he values at $125,000, with outstanding debts of $251,000; (2) a two-bedroom home, which he values at $28,000, with an outstanding debt of $52,000; (3) a three-bedroom duplex, which he values at $75,000, with outstanding debt of $221,000, and a "lot" which he values at $7,500, but on which he owes $7,000 in "taxes." *Id.* at 2. Despite his income, he states that he has no cash available. His disclosed monthly expenses are difficult to discern. He indicates that his "home" expense is $1,494.80, his "duplex" expenses are $736.66, and his "loan" expenses are $400.00. *Id.* He also discloses monthly "utility" expenses of $200.00, but that he owes "[$]1,750.00 for water." *Id.* In sum, Roberts discloses approximately $524,000 in debts, upon which he accrues obligations in the amount of $2,630.80, to be discharged out of an income of $1,445.00. Despite the apparent complexities of his financial arrangements, the Court simply cannot say that someone who owns multiple properties is indigent.

2

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a *privilege*, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.

2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed assets, Roberts is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**. Doc. 2.

This Order and R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 29th day of August, 2019.

                                                        /s/ Christopher L. Ray
                                                        CHRISTOPHER L. RAY
                                                        UNITED STATES MAGISTRATE JUDGE
                                                        SOUTHERN DISTRICT OF GEORGIA